1  BENJAMIN B. WAGNER
   United States Attorney
2  HEATHER MARDEL JONES
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone:  (559) 497-4000
5  Facsimile:   (559) 497-4099

6  Attorneys for the United States

7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )  2:12-CV-00389-MCE-GGH
                                       )
12          Plaintiff,                 )  **STIPULATION FOR DISMISSAL OF**
                                       )  **CIVIL ACTION**
13          v.                         )
                                       )
14  APPROXIMATELY $152,479.20 SEIZED )
    FROM BANK OF STOCKTON              )
15  ACCOUNT NUMBER 3350004374,         )
    HELD IN THE NAME OF MEP I          )
16  ENTERPRISES, INC.;                 )
                                       )
17  APPROXIMATELY $43,177.58 SEIZED    )
    FROM BANK OF STOCKTON              )
18  ACCOUNT NUMBER 1355006253,         )
    HELD IN THE NAME OF MEP I          )
19  ENTERPRISES, INC.;                 )
                                       )
20  APPROXIMATELY $22,876.00 SEIZED    )
    FROM BANK OF STOCKTON              )
21  ACCOUNT NUMBER 23000441, HELD      )
    IN THE NAME OF MARK E. POWELL      )
22  AND CYNDEE L. POWELL TRUST; and,)
                                       )
23  APPROXIMATELY $12,820.00 SEIZED    )
    FROM BANK OF STOCKTON              )
24  ACCOUNT NUMBER 20001426, HELD      )
    IN THE NAME OF NORTHERN TIRE &     )
25  WHEEL SPECIALTIES,                 )
                                       )
26          Defendants.                )
    _____    )
27  ///

28  ///

                              1

IT IS HEREBY STIPULATED by and between United States of America and Claimant MARK EDWARD POWELL, individually and on behalf of Claimant MEP I ENTERPRISES, INC., and Claimant MARK E. POWELL AND CYNDEE L. POWELL TRUST; and Claimant CYNDEE L. POWELL, individually and on behalf of Claimant MEP I ENTERPRISES, INC., and Claimant MARK E. POWELL AND CYNDEE L. POWELL TRUST, and Claimant MARK EDWARD POWELL, II, individually and on behalf of Claimant NORTHERN TIRE & WHEEL SPECIALTIES (hereafter "Claimants") as follows:

1.      This is a civil forfeiture action against defendant approximately $152,479.20 seized from Bank of Stockton account number 3350004374, held in the name of MEP I Enterprises, Inc.; approximately $43,177.58 seized from Bank of Stockton account number 1355006253, held in the name of MEP I Enterprises, Inc.; approximately $22,876.00 seized from Bank of Stockton account number 23000441, held in the name of Mark E. Powell and Cyndee L. Powell Trust; and, approximately $12,820.00 seized from Bank of Stockton account number 20001426, held in the name of Northern Tire & Wheel Specialties (collectively "the defendant funds").

2.      A Verified Complaint for Forfeiture In Rem was filed on February 14, 2012, seeking the forfeiture of the defendant funds, alleging said funds are subject to forfeiture to the United States of America pursuant to 7 U.S.C. §§ 2024(e) and 2024(f), 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 984, 28 U.S.C. § 2461, and 31 U.S.C. § 5317(c), on grounds that the defendant funds constitute property involved in, or are proceeds of one or more violations of 7 U.S.C. § 2024(b) [Food Stamp Fraud], 18 U.S.C. § 641 [Theft of Government Funds], 18 U.S.C. § 1343 [Wire Fraud], 18 U.S.C. § 371 [Conspiracy to commit the described offenses], 18 U.S.C. §§ 1956(a)(1)(A)(i) [Money Laundering] and 1956(a)(1)(B)(i) [Money Laundering], 18 U.S.C. § 1956(h) [Money Laundering Conspiracy], 18 U.S.C. § 1957 [Money Laundering] and 31 U.S.C. § 5324(a)(1) [Structuring Transactions To Evade Reporting Requirement], or fungible property thereof pursuant to 18 U.S.C. § 984.

///

///

3.      On March 2, 2012, in accordance with said Complaint, a Warrant for Arrest of Articles In Rem for the defendant funds was issued and duly executed on March 7, 2012.

4.      Public notice of the forfeiture action was published on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days beginning March 5, 2012, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The Declaration of Publication was filed with the Court on April 6, 2012.

5.      In addition to the publication of the forfeiture action, actual notice was served upon:

> Mark Edward Powell
>
> Cyndee L. Powell
>
> Mark Edward Powell, II
>
> MEP I Enterprises, Inc.
>
> Mark E. Powell and Cyndee L. Powell Trust
>
> Northern Tire & Wheel Specialties

On May 21, 2012, MARK EDWARD POWELL, CYNDEE L. POWELL, and MARK EDWARD POWELL, II, filed claims.  On May 22, 2012, the United States sought Clerk's Entry of Default against MEP I Enterprises, Inc., Mark E. Powell and Cyndee L. Powell Trust, and Northern Tire & Wheel Specialties, which was granted and entered on May 23, 2012. Also on May 23, 2012, MEP I Enterprises, Inc., Mark E. Powell and Cyndee L. Powell Trust, and Northern Tire & Wheel Specialties filed claims.  To date, no other parties have filed claims or answers in this matter, and the time for which any other person or entity may file a claim and answer has expired.

6.      The United States' allegations are set forth in its Verified Complaint for Forfeiture In Rem.  To avoid the uncertainty and expense of further litigation, the United States and Claimant desire to stipulate to the entry of a Final Judgment of Forfeiture on the following terms:

///

a.    Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, and in consideration of the terms of the plea agreement entered into between MARK EDWARD POWELL and the United States in the related criminal prosecution of *U.S. v. MARK EDWARD POWELL*,  and incorporated herein by reference, the United States agrees to dismiss the instant civil forfeiture action against the defendant funds, and in return, Claimants agree that the United States shall retain custody of the defendant funds and the defendant funds, together with any interest that may have accrued, and together with the $3,809.00 currently held as evidence, shall be immediately applied to any restitution obligation as ordered by the court in the criminal prosecution *U.S. v. MARK EDWARD POWELL.*  Claimants agree that should there remain excess funds over and above the restitution obligation, the balance of the defendant funds shall be applied to any other fine or financial obligation as ordered by the court in the instant criminal prosecution *U.S. v. MARK EDWARD POWELL.*  Thereafter, any remaining funds shall be deemed abandoned and retained by the United States to be disposed of according to law.

b.    Claimants stipulate that the defendant funds and the $3,809.00 currently held as evidence are subject to criminal forfeiture pursuant to 18 U.S.C. § 641, and subject to civil forfeiture pursuant to 7 U.S.C. §§ 2024(e) and 2024(f), 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 984, 28 U.S.C. § 2461, and 31 U.S.C. § 5317(c), on grounds that the defendant funds constitute property involved in, or are proceeds of one or more violations of 7 U.S.C. § 2024(b) [Food Stamp Fraud], 18 U.S.C. § 641 [Theft of Government Funds], 18 U.S.C. § 1343 [Wire Fraud], 18 U.S.C. § 371 [Conspiracy to commit the described offenses], 18 U.S.C. §§ 1956(a)(1)(A)(i) [Money Laundering] and 1956(a)(1)(B)(i) [Money Laundering], 18 U.S.C. § 1956(h) [Money Laundering Conspiracy], 18 U.S.C. § 1957 [Money Laundering] and 31 U.S.C. § 5324(a)(1) [Structuring Transactions To Evade Reporting Requirement].

c.    Claimants hereby release the United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant funds.  This is a full and final release applying to all unknown

1    and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture,

2    as well as to those now known or disclosed.  The parties to this stipulation agree to waive

3    the provisions of California Civil Code § 1542, which provides:

4    A general release does not extend to claims which the creditor does not know or
     suspect to exist in his or her favor at the time of executing the release, which if
5    known by him or her must have materially affected his or her settlement with the
     debtor.
6

7        d.    Claimants stipulate that there was reasonable cause for the seizure and arrest

8    of the defendant funds and the $3,809.00 currently held as evidence, and the

9    commencement and prosecution of the civil forfeiture action, and that the Court may enter

10   a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

11       e.    Claimants stipulate that they have not "substantially prevailed" pursuant to

12   28 U.S.C. § 2465(b), and that all parties will bear their own costs and attorneys fees.

13       f.    Claimants acknowledge that they have each obtained the advice of counsel, or

14   have declined to do so, and that each is entering into this Stipulation knowingly and

15   voluntarily.

16       g.    The parties and their undersigned attorney(s) agree to execute and deliver

17   such other and further documents as may be required to carry out the terms of this

18   Stipulation.

19       h.    Each person signing this Stipulation warrants and represents that he/she

20   possesses full authority to bind the party on whose behalf he/she is signing to the terms of

21   the Stipulation.

22       i.    Each party warrants and represents that no promises, inducements, or other

23   agreements not expressly contained herein have been made; that this Stipulation contains

24   the entire agreement between the parties; and that the terms of this Stipulation are

25   contractual and not mere recitals.  All prior oral understandings, agreements, and writings

26   are superseded by this Stipulation and are of no force or effect.

27   ///

28   ///

j.    This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

k.    Each party represents that he or it understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

l.    Notwithstanding the dismissal of the civil forfeiture action herein, the parties hereby stipulate that the U.S. District Court for the Eastern District of California, Hon. Morrison C. England, Jr., District Court Judge, shall retain jurisdiction to enforce the terms of this Stipulation.

THEREFORE, the parties to this action stipulate and request as follows:

1.    The plea agreement and the *Stipulation and Consent* filed in the related criminal prosecution, U.S. v. MARK EDWARD POWELL, be incorporated herein by reference;

2.    That pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, this action be dismissed without prejudice;

3.    That the United States retain custody of the defendant funds and the $3,809.00 currently held as evidence;

4.    That the defendant funds, together with any interest that may have accrued, and together with the $3,809.00 currently held as evidence, shall be first applied to any restitution obligation as ordered by the court in the related criminal prosecution *U.S. v. MARK EDWARD POWELL*.

5.    The parties admit that the restitution amount is greater than the amount which is subject to forfeiture as described, above.

6.    That the parties shall bear their own costs and attorney fees; and

7.    That pursuant to 28 U.S.C. § 2465 there was reasonable cause for the seizure and arrest of the defendant funds, and the commencement and

///

///

6

prosecution of the civil forfeiture action, and that the Court may enter a Certificate of Reasonable Cause.

Respectfully submitted,

Dated:  January 3, 2013

BENJAMIN B. WAGNER
United States Attorney


_/s/ Heather Mardel Jones_____
HEATHER MARDEL JONES
Assistant United States Attorney


Dated:  November 30, 2012

_/s/ Mark Edward Powell_____
MARK EDWARD POWELL
Claimant
Individually, and on behalf of Claimant MEP I ENTERPRISES, INC., and Claimant MARK E. POWELL AND CYNDEE L. POWELL TRUST


Dated:  November 30, 2012

_/s/ Cyndee L. Powell_____
CYNDEE L. POWELL
Claimant
Individually, and on behalf of Claimant MEP I ENTERPRISES, INC., and Claimant MARK E. POWELL AND CYNDEE L. POWELL TRUST


Dated:  November 30, 2012

_/s/ Mard Edward Powell, II_____
MARK EDWARD POWELL, II
Claimant
Individually, and on behalf of Claimant NORTHERN TIRE & WHEEL SPECIALTIES

Dated:  November 30, 2012

/s/ Roger Nutall

ROGER NUTALL
Counsel for Claimant/Defendant MARK
EDWARD POWELL, individually and on
behalf of Claimant MEP I ENTERPRISES,
INC., and Claimant MARK E. POWELL AND
CYNDEE L. POWELL TRUST; Claimant
CYNDEE L. POWELL, individually and on
behalf of Claimant MEP I ENTERPRISES,
INC., and Claimant MARK E. POWELL AND
CYNDEE L. POWELL TRUST; and Claimant
MARK EDWARD POWELL, II, individually
and on behalf of Claimant NORTHERN TIRE
& WHEEL SPECIALTIES.

(Original signatures retained by attorney)

**ORDER**

IT IS SO ORDERED.

Dated:  September 12, 2013

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT